FILED

DEC - 7 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

## NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Steven Ray Collier and
Toni Renee Collier,

    Debtors.

Case No. 04-11980-B-7

**MEMORANDUM DECISION REGARDING STIPULATION
TO MODIFY DISCHARGE INJUNCTION**

    This Memorandum Decision is entered in response to a pleading and proposed order submitted to this court entitled "Stipulation and Order to Proceed Against Advance Roofing's Insurance Carriers" (the "Stipulation") submitted by movant H/S Development Company, LLC ("H/S Development") and approved by Debtors Steven Ray Collier and Toni Renee Collier's ("Collier") attorney, René Lastreto, Esq. The court has stricken the "Order" portion of the Stipulation and directed that the remainder of the Stipulation be filed of even date herewith.

    This Memorandum Decision contains the court's findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 524[1] and General Orders 182 and 330 of the U.S. District

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *prior* to October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**Issue.**

The question presented is whether Collier's discharge operates to prevent H/S Development from prosecuting the State Court Action against Collier when liability will be enforced solely against Collier's insurance carrier.

**Analysis and Conclusions of Law.**

**Applicability of the Discharge Injunction.**

Once the debtor's discharge is entered, the bankruptcy court is without power to modify the discharge. The discharge injunction which protects the debtor is set in "statutory concrete" and cannot be modified. *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 550 (9th Cir. BAP 2002). However, the discharge injunction is only intended to protect the debtor and the debtor's property. It does not protect third parties who may be co-liable with the debtor on a particular debt. § 524(e); *Patronite v. Beeney (In re Beeney)*, 142 B.R. 360, 363-64 (9th Cir. BAP 1992).

As a procedural matter, the bankruptcy court may enforce, or define the scope of the discharge injunction, but it may only do so through a declaratory judgment in a properly filed and served adversary proceeding. Fed.R.Bankr.P. 7001(6) & (9); *In re Munoz*, 287 B.R. at 551. H/S Development's attempt to seek relief through a stipulation, instead of an adversary proceeding is alone grounds to deny approval of the Stipulation. *Id.* However, the underlying issue, application of the discharge injunction, has already been resolved in the Ninth Circuit. In *In re Beeney*, the victim of an automobile accident brought a motion to reopen a debtor's bankruptcy case seeking a declaration that the victim was not barred from naming the debtor in a personal injury lawsuit in state court. The purpose of the lawsuit was to collect damages under the debtor's insurance policy. The bankruptcy court denied the motion to reopen and the victim

appealed. The Bankruptcy Appellate Panel affirmed, holding that (1) as a matter of law, the discharge injunction did not bar the victim from pursuing a personal injury lawsuit against the debtor as long as the victim did not intend or attempt to enforce any judgement against the debtor or his property; and (2) the bankruptcy case did not have to be reopened, and the bankruptcy court did not have to enter an order authorizing prosecution of the lawsuit for that purpose. *In re Beeney*, 142 B.R. at 363-364.

**Conclusion.**

Based on the foregoing, approval of the Stipulation will be denied. The court has no power to modify the discharge injunction under § 524(a). However, the discharge injunction does not bar the post-discharge prosecution of H/S Development's prepetition claim where the liability, if any, will be enforced only against Collier's insurance carrier. No further relief is required.

Dated: December  7  , 2007

W. Richard Lee
United States Bankruptcy Judge